**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP (SBN 237615)
SUSAN K. LEADER (SBN 216743)
GALIT A. KNOTZ (SBN 252962)
JONATHAN P. SLOWIK (SBN 287635)
gknopp@akingump.com
sleader@akingump.com
gknotz@akingump.com
jpslowik@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Telephone:   310-229-1000
Facsimile:   310-229-1001

Attorneys for Defendant
DIRECTV, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANH LE, <br><br> Plaintiff, <br><br> v. <br><br> DIRECTV, LLC, <br><br> Defendant. | Case No. 2:16-cv-01369-SVW-AS <br><br> **DEFENDANT DIRECTV, LLC'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN SUPPORT OF THEIR OPPOSITION TO DIRECTV'S CROSS-MOTION FOR SUMMARY JUDGMENT REGARDING DIRECTV'S LACK OF EMPLOYMENT RELATIONSHIP WITH PLAINTIFFS** <br><br> [Second Supplemental Declaration of Jonathan Slowik filed concurrently] <br><br> Date:  September 11, 2017 <br> Time:  1:30 p.m. <br> Dept.:  10A <br> Judge:  Stephen V. Wilson <br><br> Date Action Filed:  February 26, 2016 <br> Pretrial Conference: November 6, 2017 <br> Trial Date:  November 7, 2017 |

Defendant DirecTV, LLC ("DirecTV") hereby submits its evidentiary objections to Plaintiffs' evidence in support of their Opposition to DirecTV's Cross-Motion for Summary Adjudication. *See* Dkt Nos. 101 (Plaintiffs' Opposition) and 100, 105 (Plaintiffs' Separate Statement referencing the below exhibits). A chart summarizing all of DirecTV's objections to evidence submitted by Plaintiffs related to all the summary judgment briefing (including the objections submitted previously at Dkt. Nos. 86-3, 98-2) is attached as Appendix A.

## I. OBJECTIONS BASED ON LACK OF PERSONAL KNOWLEDGE

Under Fed. R. Evid. 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *See also Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) (declaration testimony must be based on declarant's personal knowledge). The following evidence submitted by Plaintiffs is inadmissible due to lack of personal knowledge:

1. Plaintiffs' Ex. 283, Nault Dep. 69:12-25 (cited in UF 34). Plaintiffs cite this testimony as evidence that jobs were preassigned to technicians by DirecTV up to two weeks out. However, Nault has not established that he has any personal knowledge that DirecTV, rather than the Contracting Companies that engaged him, "preassigned" the jobs, let alone the manner by which DirecTV did so.

2. Plaintiffs' Exs. 283 (Nault Dep. 67:5-12), 300 (Trujeque Dep. 69:23-70:8; 70:14-17) (cited in UF 47). Plaintiffs cite this testimony as evidence that DirecTV initiates each chargeback by assigning it to a technician ID number. However, Plaintiffs have not established that Nault has any personal knowledge of how DirecTV initiates chargebacks.

3. Plaintiffs' Ex. 283 (Nault Dep. 91:10-92:3) (cited in UF 60). Plaintiffs cite this testimony as evidence that DirecTV had to agree to allow Empire Communications to take a week's worth of equipment for Nault when he worked as a remote technician.

1

DEFENDANT DIRECTV, LLC'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN SUPPORT OF THEIR OPPOSITION TO DIRECTV'S CROSS-MOTION FOR SUMMARY JUDGMENT

1  However, Plaintiffs have not established that Nault has personal knowledge regarding
2  communications between Empire and DirecTV regarding Nault's use of equipment.
3           4.      Plaintiffs' Exs. 283 (Nault Dep. 67:5-12), 284 (Varas Dep. 183:25-184:8),
4  300 (Trujeque Dep. 69:23-70:8; 70:14-17) (cited in UF 77).  Plaintiffs cite this
5  testimony as evidence that Contracting Companies paid technicians in accordance with
6  the reporting received from DirecTV regarding amounts per closed work order as
7  completed by each individual technician.  However, Plaintiffs have not established that
8  they have personal knowledge of the "reportings" received from DirecTV or how the
9  Contracting Companies decided to pay their technicians.
10          5.      Plaintiffs' Ex. 286, Gray Dep. 68:10-15 (cited in UF 5).  Plaintiffs cite this
11 testimony as evidence that all of the Contracting Company's revenue results from
12 technicians performing DirecTV work orders.  However, Mr. Gray was a supervisor at
13 Christian Installation Group and Plaintiffs have not established that he played any role
14 in managing the Contracting Company's finances.
15          6.      Plaintiffs' Ex. 286, Gray Dep. 228:9-230:9 (cited in UF 46) (Q: "It's also
16 the reason why Christian Installation Group had to fire techs who were not performing
17 well on the metrics DirecTV was measuring? . . . A: Yes. That's why we had to let a few
18 go.").  Plaintiffs cite this testimony as evidence that DirecTV would identify the poor
19 performing technicians for the contracting companies so that action would be taken to
20 have the contractor technicians' performance improve.  However, Plaintiffs have not
21 established that Gray has personal knowledge of the circumstances under which
22 contractor technicians were let go from Christian Installation Group.
23          7.      Plaintiffs' Ex. 287, Bennett Dep. 74:22-76:18 (cited in UF 5) ("Q: Did
24 Satellite Services have a source of revenue other than what DirecTV paid them on the
25 piece rate? A: No.  Not only did we not have anyone else, we were – as part of the
26 agreement that Chris [the owner] had signed with DirecTV, we were not allowed to.").
27 Plaintiffs cite this testimony as evidence that all of the Contracting Company's revenue
28 results from technicians performing DirecTV work orders.  However, Bennett was a

supervisor at Satellite Services and Plaintiffs have not established that he has any personal knowledge of Satellite Services' finances.

8. Plaintiffs' Ex. 287, Bennett Dep. at 73:16-74: 20 (cited in UF 5). Plaintiffs cite this testimony as evidence that payment by Contracting Companies is based on the paid out line item reported by DirecTV for each closed work order performed by individual contractor technicians. But Bennett was a lead technician for Satellite Services and Plaintiffs have not established that he has personal knowledge of how Satellite Services decided how to pay its technicians. Rather, his testimony is based only on the fact that he saw "some" of the "billings" showing how much DirecTV paid Satellite Services. Dkt. Nos. 98-04 & 98-07 [Slowik Decl. ¶ 4 & Ex. LLL (Bennett Dep. at 141:21-142:7) ("Q: You mentioned that you had seen some—I don't know what they were exactly—bills? A: I saw some of their billing on how—on how they pay. Q: Okay. A: Or at least how DirecTV paid Satellite Services. Q: But you never saw any contract terms or language that explained the basis of payment Satellite Services contracted to—with DirecTV for? A: No.").

9. Plaintiffs' Ex. 287, Bennett Dep. 28:6-19 (cited in UF 20). Plaintiffs cite this testimony as evidence that the contractor technicians' badges were the "exact same" as DirecTV's employee technicians' badges. However, Plaintiffs have not established that Bennett has any personal knowledge of what DirecTV employee technicians' badges looked like.

10. Plaintiffs' Ex. 287, Bennett Dep. 128:6-131:7 (cited in UF 40). Plaintiffs offer this testimony to demonstrate that contractor technicians did not feel like they could decline to perform DirecTV work orders. Bennett—a technician who has also sued DirecTV (*See* Dkt. No. 86-06 & 86-29 [Slowik Decl. ¶ 24 & Ex. W (Bennett Dep. at 133:4-134:19, 194:6-12)]) and compared his work installing DirecTV satellite unfavorably to "sweatshops in China" (*id.* at 198:10-12)—is not a party to any of these lawsuits, so testimony about his alleged experience is not relevant to Plaintiffs' claims.

11. Plaintiffs' Ex. 287, Bennett Dep. 65:4-66:15 (cited in UF 44). Plaintiffs cite this testimony as evidence that DirecTV performed quality control inspections. However, the cited testimony references experiences of other technicians and Plaintiffs have not established how Bennett had personal knowledge of this fact. Plaintiffs' Ex. 287, Bennett Dep. 66:7-15.

12. Plaintiffs' Ex. 289 (Guzik Dep. 26:24-27:9; 64:3-15; 120:18-121:25), 290 (Kidd Dep. 47:14-25; 158:5-13; 177:16-179:6) (cited in UFs 5, 64). Plaintiffs cite this testimony as evidence that DirecTV maintained control of the Contracting Companies and contractor technicians either by relaying DirecTV policies through the Contracting Companies' supervisors or employing their own supervisors. However, Plaintiffs have not established that they have personal knowledge of whether, and to what extent, the Contracting Companies' supervisors received instructions or policies from DirecTV.

13. Plaintiffs' Ex. 289, Guzik Dep. 181:25-183:10 (cited in UF 46). Plaintiffs' cite this testimony as evidence that DirecTV would identify poor contractor technicians for the contracting companies so that action would be taken to have the contractor technicians' performance improve. However, Guzik has not established that he has personal knowledge of whether, what, or why DirecTV communicated information to Contracting Companies.

14. Plaintiffs' Ex. 289, Guzik Dep. 40:1-41:14 (cited in UF 57). Plaintiffs cite this testimony as evidence that Guzik performed home theater installations only during the time "that DirecTV has not committed [him] to." However, Plaintiffs have not established that Guzik has personal knowledge that DirecTV, rather than Contracting Companies, "commit" him to working certain times.

15. Plaintiffs' Exs. 291 (Lasater Dep. 245:3-9), 292 (Le Dep. 294:16-295:10) (cited in UF 44). Plaintiffs cite this testimony as evidence that in certain instances, a failed quality control inspection by DirecTV could result in chargebacks. However, Plaintiffs have not established that they have knowledge of whether or in what instances DirecTV issued chargebacks to the Contracting Companies.

4

DEFENDANT DIRECTV, LLC'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN SUPPORT OF THEIR OPPOSITION TO DIRECTV'S CROSS-MOTION FOR SUMMARY JUDGMENT

16.     Plaintiffs' Ex. 298, Lkhagvadorj Dep. 76:13-77:6 (cited in UF 34). Plaintiffs cite this testimony as evidence that Contracting Companies needed to notify DirecTV that a technician would be unable to complete work orders in such cases. However, Plaintiffs have not established that Lkhagvadorj, a contractor technician, has personal knowledge of whether Contracting Companies notified DirecTV if a technician was unable to complete work orders.

## II.     **OBJECTIONS BASED ON LACK OF FOUNDATION**

"[B]efore evidence may be admitted, a foundation must be laid 'by evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) (quoting Fed. R. Evid. 901(a)).  In support of their opposition, Plaintiffs offer dozens of documents as evidence and make arguments interpreting those documents, without offering any foundational testimony to substantiate their interpretations of them.  Indeed, many of these documents were never used as exhibits in any depositions (even though Plaintiffs deposed 14 DirecTV witnesses in these cases).  These documents—and Plaintiffs' argumentative interpretations of them—must be disregarded. *See Razo v. Timec Co.*, No. 15-cv-03414-MEJ, 2016 WL 6576625, at *10 (N.D. Cal. Nov. 7, 2016) ("Plaintiff's counsel's . . . interpretations of . . . documents are not sufficient to create a genuine issue of fact").

The following evidence submitted by Plaintiffs is inadmissible because Plaintiffs have provided no foundation showing that the documents show what they argue:

17.     Plaintiffs' Ex. 151, DTV-CDCA00027462 (cited in UF 13).  Plaintiffs cite to a single page of this document as evidence that contractor technicians are required by DirecTV to meet the same standards for employment as in-house technicians.  However, Plaintiffs offer no foundational testimony explaining who authored this presentation, what it was used for or when, or what geographic region it covers.

18.     Plaintiffs' Ex. 163, DTV-CA_Guzik_000143 (cited in UF 13) ("The site reported using a total of 3 contractor companies and a total of 67 contractor technicians.

5

DEFENDANT DIRECTV, LLC'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN SUPPORT OF THEIR OPPOSITION TO DIRECTV'S CROSS-MOTION FOR SUMMARY JUDGMENT

The findings revealed that 66 packages are in compliance with DirecTV standards. 1 has been made inactive in SIEBEL."). Plaintiffs cite to this document as evidence that contractor technicians are required by DirecTV to meet the same standards for employment as in-house technicians. However, Plaintiffs offer no testimony about what this quote means, including what the "packages" are and how they relate to DirecTV "standards."

19. Plaintiffs' Ex, 164, DTV-CDCA00004341 (cited in UF 13) ("I am working on a way to have contractor companies scrub their techs against our new standards and get them onto the same reliable database of Sterling."). Plaintiffs cite to this document as evidence that contractor technicians are required by DirecTV to meet the same standards for employment as in-house technicians. However, Plaintiffs offer no testimony about what this quote means, including what the vague terms "standards" and "Sterling" refer to.

20. Plaintiffs' Ex. 294, DTV-Global00097669 (cited in UF 11) ("Fellas you better be paddling hard to get good techs hired, contractors beefed up and 6 day work heavier."). Plaintiffs cite these documents as evidence that the contracting companies conferred with DirecTV regarding how much work there would be to determine how many days contractors would need to work and whether contractors should engage additional technicians. However, Plaintiffs' offer no testimony explaining what the vague text means, including what the author meant by "paddling" and "beefed up" and whether a "6 day work" applied to contractor technicians, contracting companies, or only DirecTV's in-house employee technicians.

21. Plaintiffs' Ex. 295, PLTF-VARAS00000035 (cited in UF 20). Plaintiffs cite this image as evidence that the badges Plaintiffs wore did not contain the name, address, and telephone number of the Contracting Company that engaged them. However, Plaintiffs offer no foundational testimony explaining what this image represents, including whether it was Plaintiff Varas's identification badge during a

particular time period, and which company the number at the bottom of the identification badge belongs to.

22. Plaintiffs' Ex. 297, DTV-Global00101456 (cited in UF 32) ("Below is the financial impact analysis of changing Christian Installation Group Inc from Tier10 to Tier12 pay scale in service regions CA05 &CA06. They already receive Tier12 pay in CA78"). Plaintiffs cite this email as evidence that the Contracting Company was paid by DirecTV on different Tier level rates based on service regions determined by DirecTV. However, Plaintiffs offer no foundational testimony explaining what the vague quote means, specifically as to the terms "Tier10," "Tier12," and "CA05 &CA06."

23. Plaintiffs' Ex. 299, PLTF-JUAREZ00000591 (cited in UF 34). Plaintiffs cite this testimony as evidence that Contracting Companies needed to notify DirecTV that a technician would be unable to complete work orders in such cases. However, Plaintiffs offer no testimony explaining who the author of the email is, whether he or she works for a contracting company, and whether the email was written because a technician would be unable to complete work orders.

24. Plaintiffs' Ex. 301, PLTF-LASATER00002724 (cited in UF 49) ("No more chargebacks, but to offset the chargebacks Protection plan does not pay out"). Plaintiffs cite this document as evidence that the cost to CIG of stopping to impose chargebacks on technicians' pay in 2012 was offset by CIG no longer passing through to technicians the amounts they earned for selling protection plans. However, Plaintiffs offer no foundational testimony explaining what this document means. In fact, the only witness who was asked about this document, the author's boss, testified that the cited text was an "incorrect statement." *See* Slowik Second Supplemental Decl. ¶ 2, Ex. UU (Perez Dep. at 164:9-166:20) (filed concurrently herewith).

25. Plaintiffs' Exs. 302 (DTV-Global00001620) ("If you think they are making an effort you can leave them on, but if you think they are screwing around getting this done turn their ass off."); 303 (DTV-Global00066890) ("If it is a certification issue give

them a timeline to complete.  If they are not complete on that date, deactivate the tech number."); 304 (DTV-Global00274803).   Plaintiffs cite these documents as evidence that DirecTV would unilaterally deactivate a technician for failure to meet DirecTV's training requirements.  However, Plaintiffs provide no foundational testimony explaining what these documents mean and what time period or geographic area they cover.

### III. OBJECTIONS BASED ON HEARSAY

The Federal Rules of Evidence defines hearsay as a statement that "the declarant does not make while testifying at the current trial or hearing," which is "offer[ed] in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  Unless some exception applies, "[h]earsay is not admissible."  Fed. R. Evid. 802.

26. Plaintiffs' Ex. 283, Nault Dep. 67:5-12 (cited in UFs 47,77).  Plaintiffs cite this testimony as evidence that Contracting Companies paid technicians in accordance with the reporting received from DirecTV regarding amounts per closed work order as completed by each individual technician. However, Nault admits that his knowledge comes from an out-of-court statement by a Contracting Company's supervisor. Plaintiffs' Ex. 283, Nault Dep. 67:5-8  ("Q: And Bobby [supervisor] told you in effect he had no control over them; is that generally speaking what he communicated to you? A: Yes.").

27. Plaintiffs' Ex. 284, Varas Dep. 183:25-184:8 (cited in UFs 47, 77). Plaintiffs cite this testimony as evidence that DirecTV initiates each chargeback by assigning it to a technician ID number and that Contracting Companies paid technicians in accordance with the reporting received from DirecTV regarding amounts per closed work order as completed by each individual technician. However, Varas's testimony is based on an out-of-court statement by his supervisor at Satellite Services.  Plaintiffs' Ex. 284, Varas Dep. 183:25-184:8 ("Q: What does that term [chargeback] mean to you? A: It means they take money out of my check.  Q: Who is "they"?  A: In this case whoever

pays my check would be JP [Satellite Services' supervisor], but he says that they get hit from DirecTV and it trickles down.").

## IV. OBJECTIONS BASED ON RELEVANCE

Under the Federal Rules of Evidence, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant only if (i) "it has any tendency to make a fact more or less probable than it would be without the evidence;" and (ii) "the fact is of consequence in determining the action." Fed. R. Evid. 401.

28. Plaintiffs' Ex. 298, Lkhagvadorj Dep. 84:23-86:12 (cited in UF 44). Plaintiffs cite this testimony as evidence that in certain instances, a failed quality control inspection by DirecTV could result in chargebacks, deactivation, or termination of the technician. However, the time period referenced in this testimony, June 2009, predates the earliest statute of limitations for any Plaintiff, even under Plaintiffs' interpretation of the limitations period (July 25, 2009, which is three years before the first Plaintiff, David Varas, first asserted any claims against DirecTV). Evidence predating the limitations period is not relevant to Plaintiffs' claims. Fed. R. Evid. 401, 402.

Dated: September 6, 2017         AKIN GUMP STRAUSS HAUER & FELD LLP

                                 By:  */s/ Gregory W. Knopp*
                                      Gregory W. Knopp
                                      Attorneys for Defendant DIRECTV LLC

Appendix A - Summary of Objections

| Plaintiffs' Exh. No. | Personal Knowledge | Legal Conclusions | Foundation | Hearsay | Relevance |
|---|---|---|---|---|---|
| **Ex. 1** | | | Dkt. No. 86-3, ¶ 8; Dkt.No. ¶ 8 | | |
| **Ex. 2** | | | Dkt. No. 86-3, ¶ 8; Dkt.No. ¶ 8 | | |
| **Ex. 3** | | | Dkt. No. 86-3, ¶ 8; Dkt.No. ¶ 8 | | |
| **Ex. 4** | | | Dkt. No. 86-3, ¶ 8; Dkt.No. ¶ 8 | | |
| **Ex. 5** | | | Dkt. No. 86-3, ¶ 8; Dkt.No. ¶ 8 | | |
| **Ex. 6** | | | Dkt. No. 86-3, ¶ 8; Dkt.No. ¶¶ 8, 13 | | |
| **Ex. 7** | | | Dkt. No. 86-3, ¶ 8; Dkt.No. ¶ 8 | | |
| **Ex. 8** | | | Dkt. No. 86-3, ¶ 8; Dkt.No. ¶ 8 | | |
| **Ex. 9** | | | Dkt. No. 86-3, ¶ 8; Dkt.No. ¶ 8 | | |
| **Ex. 12** | | | | | Dkt. No. 86-3, ¶ 63 |
| **Ex. 15** | | | Dkt. No. 86-3, ¶ 9; Dkt.No. ¶ 9 | | |
| **Ex. 18** | | | Dkt. No. 86-3, ¶ 10; Dkt.No. ¶ 10 | | |
| **Ex. 19** | | | Dkt. No. 86-3, ¶ 11; Dkt.No. ¶ 11 | | |
| **Ex. 21** | | | Dkt. No. 86-3, ¶ 12 | | |

Appendix A - Summary of Objections

| Plaintiffs' Exh. No. | Personal Knowledge | Legal Conclusions | Foundation | Hearsay | Relevance |
|---|---|---|---|---|---|
| Ex. 22 | | | Dkt. No. 86-3, ¶ 12 | | |
| Ex. 24 | | | Dkt. No. 86-3, ¶ 13 | | |
| Ex. 25 | Dkt. No. 86-3, ¶ 3 | | | | |
| Ex. 26 | | | Dkt. No. 86-3, ¶ 14 | | |
| Ex. 43 | | | Dkt. No. 86-3, ¶ 15 | | |
| Ex. 45 | Dkt. No. 86-3, ¶¶ 4-6 | | | Dkt. No. 86-3, ¶¶ 60-62 | Dkt. No. 86-3, ¶ 64 |
| Ex. 46 | | | Dkt. No. 86-3, ¶ 16 | | |
| Ex. 47 | | | Dkt. No. 86-3, ¶ 17 | | |
| Ex. 48 | | | Dkt. No. 86-3, ¶ 18 | | |
| Ex. 51 | | | Dkt. No. 86-3, ¶ 19 | | |
| Ex. 52 | | | Dkt. No. 86-3, ¶ 20 | | |
| Ex. 53 | | | Dkt. No. 86-3, ¶ 21 | | |
| Ex. 54 | | | Dkt. No. 86-3, ¶ 22 | | Dkt. No. 86-3, ¶ 65 |
| Ex. 55 | | | Dkt. No. 86-3, ¶ 23; Dkt.No. ¶ 12 | | |
| Ex. 57 | | | Dkt. No. 86-3, ¶ 24; Dkt.No. ¶ 57 | | |
| Ex. 58 | | | Dkt. No. 86-3, ¶ 25; Dkt.No. ¶ 57 | | |
| Ex. 59 | | | Dkt. No. 98-2, ¶ 13 | | |
| Ex. 60 | | | Dkt. No. 98-2, ¶ 13 | | |
| Ex. 61 | | | Dkt. No. 98-2, ¶ 13 | | |
| Ex. 62 | | | Dkt. No. 98-2, ¶ 13 | | |
| Ex. 63 | | | Dkt. No. 98-2, ¶ 13 | | |
| Ex. 64 | | | Dkt. No. 98-2, ¶ 13 | | |
| Ex. 65 | | | Dkt. No. 98-2, ¶ 13 | | |

Appendix A - Summary of Objections

| Plaintiffs' Exh. No. | Personal Knowledge | Legal Conclusions | Foundation | Hearsay | Relevance |
|---|---|---|---|---|---|
| Ex. 66 | | | Dkt. No. 98-2, ¶ 13 | | |
| Ex. 67 | | | Dkt. No. 86-3, ¶ 26; Dkt.No. ¶ 57 | | |
| Ex. 68 | | | Dkt. No. 86-3, ¶ 27; Dkt.No. ¶ 57 | | |
| Ex. 69 | | | Dkt. No. 86-3, ¶ 27; Dkt.No. ¶ 57 | | |
| Ex. 70 | | | Dkt. No. 86-3, ¶ 28; Dkt.No. ¶ 57 | | |
| Ex. 72 | | | Dkt. No. 86-3, ¶ 29; Dkt.No. ¶ 57 | | |
| Ex. 74 | | | Dkt. No. 86-3, ¶ 30; Dkt.No. ¶ 14 | | |
| Ex. 75 | | | Dkt. No. 86-3, ¶ 31; Dkt.No. ¶ 57 | | |
| Ex. 76 | | | Dkt. No. 86-3, ¶ 32; Dkt.No. ¶ 57 | | |
| Ex. 77 | | | Dkt. No. 86-3, ¶ 33; Dkt.No. ¶ 57 | | |
| Ex. 79 | | | Dkt. No. 86-3, ¶ 34; Dkt.No. ¶ 57 | | |
| Ex. 80 | | | Dkt. No. 86-3, ¶ 35; Dkt.No. ¶ 57 | | |
| Ex. 81 | | | Dkt. No. 86-3, ¶ 36; Dkt.No. ¶ 57 | | |
| Ex. 82 | | | Dkt. No. 86-3, ¶ 37 | | |

Appendix A - Summary of Objections

| Plaintiffs' Exh. No. | Personal Knowledge | Legal Conclusions | Foundation | Hearsay | Relevance |
|---|---|---|---|---|---|
| Ex. 83 | | | Dkt. No. 86-3, ¶ 38 | | |
| Ex. 84 | | | Dkt. No. 86-3, ¶ 39 | | |
| Ex. 85 | | | Dkt. No. 86-3, ¶ 40 | | |
| Ex. 86 | | | Dkt. No. 86-3, ¶ 41; Dkt.No. ¶ 57 | | |
| Ex. 87 | | | Dkt. No. 86-3, ¶ 41 | | |
| Ex. 88 | | | Dkt. No. 86-3, ¶ 41 | | |
| Ex. 89 | | | Dkt. No. 86-3, ¶ 41; Dkt.No. ¶ 15 | | |
| Ex. 90 | | | Dkt. No. 86-3, ¶ 41 | | |
| Ex. 91 | | | Dkt. No. 86-3, ¶ 42 | | |
| Ex. 92 | | | Dkt. No. 86-3, ¶ 41 Dkt. No. 86-3, ¶ 43 | | |
| Ex. 94 | | | Dkt. No. 86-3, ¶ 43 | | |
| Ex. 95 | | | Dkt. No. 86-3, ¶ 43 | | |
| Ex. 96 | | | Dkt. No. 86-3, ¶ 43; Dkt.No. ¶ 16 | | |
| Ex. 97 | | | Dkt. No. 86-3, ¶ 44 | | |
| Ex. 98 | | | Dkt. No. 86-3, ¶ 43 | | |
| Ex. 99 | | | Dkt. No. 86-3, ¶ 43 | | |
| Ex. 100 | | | Dkt. No. 86-3, ¶ 43 | | |
| Ex. 101 | | | Dkt. No. 86-3, ¶ 43 | | |
| Ex. 102 | | | Dkt. No. 86-3, ¶ 43 | | |
| Ex. 103 | | | Dkt. No. 86-3, ¶ 43 | | |
| Ex. 104 | | | Dkt. No. 86-3, ¶ 43 | | |
| Ex. 111 | | | Dkt. No. 86-3, ¶ 45 | | |

Appendix A - Summary of Objections

| Plaintiffs' Exh. No. | Personal Knowledge | Legal Conclusions | Foundation | Hearsay | Relevance |
|---|---|---|---|---|---|
| Ex. 112 | | | Dkt. No. 86-3, ¶ 46 | | |
| Ex. 113 | | | Dkt. No. 86-3, ¶ 47 | | Dkt. No. 86-3, ¶ 66 |
| Ex. 114 | | | Dkt. No. 86-3, ¶ 47; Dkt.No. ¶ 17 | | Dkt. No. 86-3, ¶ 67 |
| Ex. 115 | | | Dkt. No. 86-3, ¶ 48; Dkt.No. ¶ 18 | | |
| Ex. 116 | | | Dkt. No. 86-3, ¶ 49 | | |
| Ex. 117 | | | Dkt. No. 86-3, ¶ 50 | | |
| Ex. 118 | | | | | Dkt. No. 86-3, ¶ 68; Dkt.No. ¶ 66 |
| Ex. 119 | | | Dkt. No. 86-3, ¶ 51; Dkt.No. ¶ 57 | | |
| Ex. 120 | | | Dkt. No. 86-3, ¶ 52; Dkt.No. ¶ 57 | | |
| Ex. 121 | | | Dkt. No. 86-3, ¶ 52; Dkt.No. ¶ 57 | | Dkt. No. 86-3, ¶ 69 |
| Ex. 123 | | | Dkt. No. 86-3, ¶ 53; Dkt.No. ¶ 57 | | |
| Ex. 124 | | | Dkt. No. 86-3, ¶ 54; Dkt.No. ¶ 57 | | |
| Ex. 125 | | | Dkt. No. 86-3, ¶ 55; Dkt.No. ¶ 57 | | Dkt. No. 86-3, ¶ 70 |
| Ex. 126 | | | Dkt. No. 86-3, ¶ 56; Dkt.No. ¶ 57 | | |
| Ex. 127 | | | Dkt. No. 86-3, ¶ 57; Dkt.No. ¶ 19 | | |

Appendix A - Summary of Objections

| Plaintiffs' Exh. No. | Personal Knowledge | Legal Conclusions | Foundation | Hearsay | Relevance |
|---|---|---|---|---|---|
| Ex. 128 | | | Dkt. No. 86-3, ¶ 58; Dkt.No. ¶ 57 | | |
| Ex. 130 | | | Dkt. No. 86-3, ¶ 59; Dkt.No. ¶ 57 | | |
| Ex. 132 | Dkt. No. 98-2, ¶ 1 | | | Dkt/ No. 98-2, ¶¶ 58-59 | |
| Ex. 134 | | | | | Dkt. No. 98-2, ¶ 67 |
| Ex. 140 | | | | Dkt. No. 98-2, ¶ 60 | |
| Ex. 142 | | | | Dkt. No. 98-2, ¶ 61 | |
| Ex. 144 | | | | Dkt. No. 98-2, ¶ 62 | |
| Ex. 146 | | | | Dkt. No. 98-2, ¶ 63 | |
| Ex. 149 | | Dkt. No. 98-2, ¶ 7 | | | |
| Ex. 150 | | | Dkt. No. 98-2, ¶ 20 | | |
| Ex. 151 | | | Dkt. No. 98-2, ¶ 21; Above, ¶ 17 | | |
| Ex. 152 | | | Dkt. No. 98-2, ¶ 22 | | |
| Ex. 154 | | | Dkt. No. 98-2, ¶ 23 | | |
| Ex. 155 | | | Dkt. No. 98-2, ¶ 24 | | |
| Ex. 157 | Dkt. No. 98-2, ¶ 2 | | | Dkt. No. 98-2, ¶ 64 | |
| Ex. 158 | Dkt. No. 98-2, ¶ 3 | | | | |
| Ex. 160 | | | Dkt. No. 98-2, ¶ 25 | | |
| Ex. 161 | | | | Dkt. No. 98-2, ¶ 65 | Dkt. No. 98-2, ¶¶ 68, 70 |
| Ex. 162 | | | Dkt. No. 98-2, ¶ 26 | | |
| Ex. 163 | | | Dkt. No. 98-2, ¶ 27; Above, ¶ 18 | | |
| Ex. 164 | | | Dkt. No. 98-2, ¶ 28; Above, ¶ 19 | | |

Appendix A - Summary of Objections

| Plaintiffs' Exh. No. | Personal Knowledge | Legal Conclusions | Foundation | Hearsay | Relevance |
|---|---|---|---|---|---|
| Ex. 165 | | | Dkt. No. 98-2, ¶ 29 | | |
| Ex. 166 | | | Dkt. No. 98-2, ¶ 30 | | |
| Ex. 167 | | | Dkt. No. 98-2, ¶ 31 | | |
| Ex. 169 | | | Dkt. No. 98-2, ¶ 31 | | |
| Ex. 170 | Dkt. No. 98-2, ¶ 4 | | | | |
| Ex. 171 | Dkt. No. 98-2, ¶ 5 | | | | |
| Ex. 173 | | | Dkt. No. 98-2, ¶ 32 | | |
| Ex. 193 | | | Dkt. No. 98-2, ¶ 33 | | |
| Ex. 194 | | | Dkt. No. 98-2, ¶ 33 | | |
| Ex. 195 | | | Dkt. No. 98-2, ¶ 34 | | |
| Ex. 196 | | | Dkt. No. 98-2, ¶ 35 | | |
| Ex. 197 | | | Dkt. No. 98-2, ¶ 33 | | |
| Ex. 198 | | | Dkt. No. 98-2, ¶ 36 | | |
| Ex. 199 | | | Dkt. No. 98-2, ¶ 37 | | |
| Ex. 200 | | | Dkt. No. 98-2, ¶ 38 | | |
| Ex. 201 | | | Dkt. No. 98-2, ¶ 39 | | |
| Ex. 202 | | | Dkt. No. 98-2, ¶ 40 | | |
| Ex. 203 | | | Dkt. No. 98-2, ¶ 41 | | |
| Ex. 204 | | | Dkt. No. 98-2, ¶ 42 | | |
| Ex. 205 | | | Dkt. No. 98-2, ¶ 43 | | |
| Ex. 206 | | | Dkt. No. 98-2, ¶ 44 | | |
| Ex. 207 | | Dkt. No. 98-2, ¶ 7 | | | |
| Ex. 208 | Dkt. No. 98-2, ¶ 6 | | | | |
| Ex. 217 | | | | | Dkt. No. 98-2, ¶ 69 |
| Ex. 218 | | | | | Dkt. No. 98-2, ¶ 70 |
| Ex. 219 | | | Dkt. No. 98-2, ¶ 45 | | |

Appendix A - Summary of Objections

| Plaintiffs' Exh. No. | Personal Knowledge | Legal Conclusions | Foundation | Hearsay | Relevance |
|---|---|---|---|---|---|
| Ex. 220 | | | Dkt. No. 98-2, ¶ 46 | | |
| Ex. 222 | | | Dkt. No. 98-2, ¶ 47 | | |
| Ex. 223 | | | Dkt. No. 98-2, ¶ 48 | | |
| Ex. 224 | | | Dkt. No. 98-2, ¶ 49 | | |
| Ex. 250 | | | Dkt. No. 98-2, ¶ 50 | | |
| Ex. 269 | | | Dkt. No. 98-2, ¶ 51 | | |
| Ex. 270 | | | Dkt. No. 98-2, ¶ 52 | | |
| Ex. 271 | | | Dkt. No. 98-2, ¶ 53 | | |
| Ex. 272 | | | Dkt. No. 98-2, ¶ 54 | | |
| Ex. 273 | | | Dkt. No. 98-2, ¶ 55 | | |
| Ex. 275 | | | Dkt. No. 98-2, ¶ 56 | | |
| Ex. 283 | Above, ¶¶ 1, 2, 3, 4 | | | Above, ¶ 26 | |
| Ex. 284 | Above, ¶ ¶ 4 | | | Above, ¶ 27 | |
| Ex. 286 | Above, ¶¶ 5, 6 | | | | |
| Ex. 287 | Above, ¶¶ 7, 8, 9, 10, 11 | | | | |
| Ex. 289 | Above, ¶¶ 12, 13, 14 | | | | |
| Ex. 291 | Above, ¶ 15 | | | | |
| Ex. 294 | | | Above, ¶ 20 | | |
| Ex. 295 | | | Above, ¶ 21 | | |
| Ex. 297 | | | Above, ¶ 22 | | |
| Ex. 298 | Above, ¶ 16 | | | | Above, ¶ 28 |
| Ex. 299 | | | Above, ¶ 23 | | |
| Ex. 300 | Above, ¶ 2 | | | | |
| Ex. 301 | | | Above, ¶ 24 | | |
| Ex. 302 | | | Above, ¶ 25 | | |

Appendix A - Summary of Objections

| Plaintiffs' Exh. No. | Personal Knowledge | Legal Conclusions | Foundation | Hearsay | Relevance |
|---|---|---|---|---|---|
| **Guzik Decl.** | Dkt. No. 86-3, ¶ 1 | Dkt. No. 86-3, ¶ 7 | | | Dkt. No. 86-3, ¶ 71 |
| **Kidd Decl.** | Dkt. No. 86-3, ¶¶ 1-2 | Dkt. No. 86-3, ¶ 7 | | | Dkt. No. 86-3, ¶ 71 |
| **Lasater Decl.** | Dkt. No. 86-3, ¶ 1 | Dkt. No. 86-3, ¶ 7 | | | Dkt. No. 86-3, ¶ 71 |
| **Le Decl.** | | Dkt. No. 86-3, ¶ 7 | | | |
| **Lkhagvadorj Decl.** | Dkt. No. 86-3, ¶ 1 | Dkt. No. 86-3, ¶ 7 | | | Dkt. No. 86-3, ¶ 71 |
| **Nault Decl.** | Dkt. No. 86-3, ¶¶ 1-2 | Dkt. No. 86-3, ¶ 7 | | | Dkt. No. 86-3, ¶ 71 |
| **Solis Juarez Decl.** | Dkt. No. 86-3, ¶ 1 | Dkt. No. 86-3, ¶ 7 | | | Dkt. No. 86-3, ¶ 71 |
| **Trujeque Decl.** | Dkt. No. 86-3, ¶¶ 1-2 | Dkt. No. 86-3, ¶ 7 | | | Dkt. No. 86-3, ¶ 71 |
| **Varas Decl.** | Dkt. No. 86-3, ¶ 2 | Dkt. No. 86-3, ¶ 7 | | | |