Jason Hartley, CA Bar No. 192514
STUEVE SIEGEL HANSON LLP
500 West C Street, Suite 1750
San Diego, California 92101
Telephone: 619-400-5822
Facsimile: 619-400-5832
Email: hartley@stuevesiegel.com

George A. Hanson, *Pro Hac Vice*
J. Toji Calabro, CA Bar No. 239950
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
Facsimile:  816-714-7101
Email:  calabro@stuevesiegel.com
          hanson@stuevesiegel.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CANH LE,**<br><br>                    Plaintiff,<br><br>v.<br><br>**DIRECTV, LLC,**<br><br>                    Defendant. | **Case No. 16-cv-1369 SVW-AS**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO APPROVE FLSA SETTLEMENT**<br><br>**Date:  May 21, 2018**<br>**Time:  1:30 p.m.**<br>**Courtroom:  10A**<br>**Hon. Stephen V. Wilson** |

# TABLE OF CONTENTS

I.   PROCEDURAL HISTORY ................................................................................1
     A.   *LANG V. DIRECTV* ...............................................................................1
     B.   *Addison v. DIRECTV* ............................................................................2
     C.   *Le v. DIRECTV* .....................................................................................2

II.  THE PARTIES' SETTLEMENT ......................................................................4

III. THE SETTLEMENT SHOULD BE APPROVED. .........................................4
     A.   The Liability Portion of the Settlement Should Be Approved ..............5
     B.   The Attorney's Fees Provision of the Settlement Should Be
          Approved ................................................................................................6

IV.  CONCLUSION ..................................................................................................9

# TABLE OF AUTHORITIES

## CASES

*Andersen v. Mt. Clemens Pottery Co.*,
  328 U.S. 680 (1946) ..................................................................................... 7

*Brooklyn Sav. Bank v. O'Neil*,
  324 U.S. 697 (1945) ..................................................................................... 6

*City of Burlington v. Dague*,
  505 U.S. 557 (1992) ..................................................................................... 6

*Dent v. Cox Commc'ns Las Vegas, Inc.*,
  502 F.3d 1141 (9th Cir. 2007) ..................................................................... 7

*Fegley v. Higgins*,
  19 F.3d 1126 (6th Cir. 1994) ....................................................................... 7

*Ferland v. Conrad Credit Corp.*,
  244 F.3d 1145 (9th Cir. 2001) ..................................................................... 7

*Goodwin v. Citywide Home Loans, Inc.*,
  No. SACV14866JLSJCGX, 2015 WL 1286814
  3 (C.D. Cal. Nov. 2, 2015) ................................................................. 4, 5, 8

*Harris v. Marhoefer*,
  24 F.3d 16 (1994) ......................................................................................... 7

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ..................................................................................... 9

*Jordan v. Mutnomah County*,
  815 F.2d 1258 (9th Cir. 1987) ..................................................................... 7

*Oviatt By & Through Waugh v. Pearce*,
  954 F.2d 1470 (9th Cir. 1992) ..................................................................... 7

*Prasker v. Asia Five Eight LLC*,
  No. 08-CV-05811, 2010 WL 476009 (S.D.N.Y. Jan. 6, 2010) .................... 7

*Probert v. Family Centered Servs. of Alaska, Inc.*,
  651 F.3d 1007 (9th Cir. 2011) ..................................................................... 7

*Sand v. Greenberg*,
  No. 08-CV-07840, 2010 WL 69359 (S.D.N.Y. Jan. 7, 2010) ..................... 7

## STATUTES

29 U.S.C § 216(b) (2008) ................................................................................ 6

42 U.S.C. § 1988(b) ......................................................................................... 6

California Labor Code §§ 204 ........................................................................ 1

Plaintiff Canh Le moves for an order approving the settlement he has reached with Defendant DIRECTV, LLC ("DIRECTV") to resolve this case. DIRECTV does not oppose Plaintiff's request for approval.[1]

## I. PROCEDURAL HISTORY

This is one of several related actions brought by technicians across the country who allege that DIRECTV did not pay them as federal and state labor laws require. In this case, Plaintiff Canh Le worked as a technician in Northern California. He installed DIRECTV through a contracting company called Satek Communications, and was classified as an "independent contractor." (Hanson Decl.[2] ¶ 2.) Plaintiff's Complaint seeks unpaid wages, overtime, and penalties under the FLSA and the California Labor Code §§ 204, et seq., as well as attorney's fees and costs under both statutes. While this action has been proceeding in this Court since February 2016, Plaintiff has been pursuing these claims against DIRECTV since January 2013 in several predecessor suits. (Hanson Decl. ¶ 2.) The primary threshold legal issue was whether Mr. Le was "employed" by DIRECTV for the purposes of state and federal labor laws. This Court ruled as a matter of law that he was, and the parties settled the case on the eve of trial.

### A. *LANG V. DIRECTV*

Plaintiff first asserted claims against DIRECTV when he opted in to a conditionally certified FLSA action pending in the Eastern District of Louisiana styled *Lang v. DIRECTV, et al.*, No. 10-1085-NJB. That action commenced in 2010 and, after plaintiffs defeated a motion to dismiss and to strike the class allegations (Lang Dkt.[3]

---

[1] DIRECTV does not oppose this motion for purposes of settlement approval. However, DIRECTV does not affirmatively endorse the arguments made herein and reserves all rights to oppose any legal or factual position taken in this motion, including the accuracy of Plaintiff's counsel's attorney's fee "lodestar calculation" or the reasonableness of the hours or hourly rates underlying it, at a later time should the Court not approve the settlement.

[2] "Hanson Decl." refers to the Declaration of George A. Hanson in Support of Plaintiff's Unopposed Motion to Approve FLSA Settlement, filed concurrently herewith.

[3] "Lang Dkt." refers to the docket in *Lang v. DIRECTV*.

42), the *Lang* Court granted plaintiffs' motion for conditional class certification (Lang Dkt. 245). Plaintiff opted in to *Lang* in January 2013. (Dkt.[4] 1 ¶ 68.)

In *Lang*, the parties engaged in some limited class discovery and subsequently agreed to decertify the class. (Hanson Decl. ¶ 4.) The parties filed a Joint Motion to Decertify the *Lang* action, which the court granted on September 3, 2013, dismissing all opt-in Plaintiffs without prejudice, and tolling the statute of limitations for 60 days to permit the opt-in Plaintiffs to refile their individual claims. (Lang Dkt. 467.)

### B. *ADDISON V. DIRECTV*

On November 1, 2013 (within the 60 days granted by the *Lang* court), Plaintiff Canh Le, along with several other plaintiffs filed an action in the Central District of California styled *Addison* v. *DirecTV*, Case No. 13-8109 (C.D. Cal). On December 11, 2015, *Addison* and a related action *Cooper v. DIRECTV, Inc.,* Case No. 2:14-cv-08097, were re-assigned to Judge Stephen Wilson. (*Cooper*, Dkt. 60; *Addison*, Dkt. 100). On January 4, 2016, this Court ordered the cases to be re-filed as separate actions. (*Addison*, Dkt. 105).

### C. *LE V. DIRECTV*

Plaintiff Le filed this individual action on February 26, 2016. (Dkt. 1.) Mr. Le's action was one of twelve related individual cases before this Court (the "CDCA Cases") that were previously part of *Addison* and *Cooper*. (Hanson Decl. ¶ 6.) The CDCA Cases were heavily litigated. The parties commenced discovery in the CDCA Cases in July 2016 and worked, where possible, to coordinate discovery across the CDCA Cases. (Hanson Decl. ¶ 7.) Both parties exchanged disclosures required by Rule 26, as well as propounded and responded to extensive interrogatories and requests for documents pursuant to Rules 33 and 34. (Hanson Decl. ¶ 8.) Between February and June, 2017, the parties engaged in extensive motion practice over discovery disputes, including more than 800 pages of briefing (Hanson Decl. ¶ 9), and at least seven formal and informal

---

[4] "Dkt" refers to the docket in this action.

discovery conferences with Magistrate Judge Sagar. (Dkt. 55, 62, 64, 66, 68, 70, & 72.) The parties produced more than 750 pages of documents related specifically to Mr. Le's case, and more than 180,000 pages of documents relating to the CDCA Cases as a whole. (Hanson Decl. ¶ 10.) Plaintiff Le was produced for deposition, as were more than twelve additional witnesses that appeared on DIRECTV's trial witness list for this case, including (i) David Baker, DIRECTV's Sr. Vice President in charge of Field Services; (ii) Adrian Dimech, DIRECTV's Regional Vice President for California; (iii) Steve Crawford, DIRECTV's Regional Vice President for Northern California; (iv) Dan McCarty, a DIRECTV Regional Director of Operations; (v) Marc Mastin, a DIRECTV Reginal Director of Operations; (vi) Scott Woods, a DIRECTV Site Manager, and (vii) Maria Shropshire, the owner of Satek Communications. Each of these depositions required significant document review and preparation. (Hanson Decl. ¶ 11.)

Starting in July, the parties began filing dispositive motions, which encompassed more than 12,750 pages of filings, including separate statements of facts, declarations, and exhibits. (Hanson Decl. ¶ 12; Dkt. 76-106)  Starting in late September, the parties briefed the six motions in limine DIRECTV filed (Dkt. 110-115, 118-121, 124-130, 134-135, 144, 146, 148, 149) and the motion in limine that Plaintiff Le filed (Dkt. 132, 136, 150). The parties also prepared the pretrial conference order and other related trial documents. (Dkt. 139-142, 151-154.)

On November 2 the Court issued its opinion on the parties' motions for summary judgment, finding in favor of Plaintiff on a number of issues, including the critical threshold legal issue of whether Plaintiff Le and the other plaintiffs in the CDCA Cases were "employed" by DIRECTV under California law and the FLSA. (Dkt. 157, 159.) The Court, however, held that DIRECTV had not "willfully" violated the FLSA, and rejected Plaintiff's "gap time" theory of damages. (*Id.*) After the Court denied the parties' motion to consolidate the CDCA Cases for a single trial on damages (Dkt. 162), the parties settled this case on the eve of trial (Dkt. 163).

## II. THE PARTIES' SETTLEMENT

On November 4, 2017—three days before the trial in this case was set to begin—the parties agreed to settle the liability portion of this case for $48,571.04, which is approximately $357 per week for each week that Plaintiff Le worked as a technician installing DIRECTV during the applicable statute of limitations period. The parties agreed to negotiate separately an amount for attorneys fees and, if no agreement could be reached, to submit an application to the Court for fees. (Hanson Decl. ¶ 14.)

On November 30, 2017, the parties conducted an in-person mediation in Dallas, Texas, with Michael Dickstein, a well-respected mediator with deep experience mediating a wide range of wage and hour litigation matters, that was designed to resolve all of the cases Plaintiff's counsel was prosecuting against DIRECTV, including attorneys fees for this case. (Hanson Decl. ¶ 15.) Although substantial progress was made on November 30, the parties were unable to reach final agreement at the mediation. Over the course of subsequent weeks, and with the assistance of Mr. Dickstein, the parties continued the negotiation and ultimately reached an agreement on attorneys fees for this case, as well as a framework for settling several of the other related cases. (Hanson Decl. ¶ 16.) With respect to this case, DIRECTV has agreed to pay Plaintiff's counsel $215,978 for fees and costs. This amount is a discount off counsel's full lodestar and costs and will result in a negative multiplier of approximately seventy-five percent of the fees and costs incurred in prosecuting Mr. Le's case and preparing for trial. (Hanson Decl. ¶ 17.) A copy of the agreement is attached hereto as Exhibit A.

## III. THE SETTLEMENT SHOULD BE APPROVED.

"FLSA settlements require the supervision of the Secretary of Labor or a district court." *Goodwin v. Citywide Home Loans, Inc.*, No. SACV14866JLSJCGX, 2015 WL 12868143, at *2 (C.D. Cal. Nov. 2, 2015). While the Ninth Circuit has not expressly articulated a standard for approving FLSA settlements, most courts in this Circuit evaluate whether the settlement constitutes "a fair and reasonable resolution of a *bona*

*fide* dispute." *Id.* "If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" *Id.* Plaintiffs respectfully submit that this Court should approve the settlement here because it is a fair and reasonable resolution of a *bona fide* dispute.

### A.   THE LIABILITY PORTION OF THE SETTLEMENT SHOULD BE APPROVED

The claims at issue in this case constitute a *bona fide* dispute. For many years, Plaintiff sought redress for what he alleges to be DIRECTV's failure to pay him as required by the FLSA and California law. In its defense, DIRECTV has consistently and aggressively maintained that it has no liability whatsoever to Plaintiff. Courts have long recognized that disputes regarding liability under the FLSA constitute "*bona fide* dispute[s]." *See Goodwin*, 2015 WL 12868143, at *2.

The settlement constitutes a "fair and reasonable resolution" of this *bona fide* dispute. This is not a case where Plaintiff is receiving a de minimis recovery. DIRECTV agreed to pay Plaintiff Le nearly $50,000 to settle the liability portion of this case. This is a substantial award and fairly compensates Plaintiff for the value of his claims because, while Plaintiff Le prevailed as a matter of law on some of the threshold legal issues, Plaintiff Le's damages were subject to proof at trial. Neither side had documentary evidence of the precise hours Plaintiff Le worked, the miles he drove, or the amount he spent on unreimbursed business expenses, which means that specifying Plaintiff Le's damages at trial could have been challenging for the jury. Given the unpredictability of how a jury would approach this question, Plaintiff Le's realistic recovery at trial spanned a large range:  from a relatively modest sum to a figure exceeding six figures. (Hanson Decl. ¶ 18.) Here, the nearly $50,000 DIRECTV agreed to pay Plaintiff Le is a sum certain. It spares both sides the added risk and expense of trial, and it equates to more than $350 for each week that Plaintiff Le installed DIRECTV during the statute of limitations period. (Hanson Decl. ¶ 19.) This amount

closely tracks the per week Offer of Judgment this Court already approved in one of the related CDCA Cases—*Magill v. DIRECTV, LLC*, Case No. 5:16-cv-00356. (*Magill* Dkt. 66.) Considering that Mr. Le's average weekly pay during the weeks that he performed DIRECTV work was approximately $750, this settlement is approximately half of his weekly wage for each week within the limitations period. (Hanson Decl. ¶ 19.)

Notably, this settlement was the result of an arms-length negotiation after years of hard fought litigation, and the parties were represented by experienced and competent counsel who have handled numerous other wage and hour matters on class, collective, and individual bases. The parties spent considerable time and energy analyzing the merits of the case and were intimately familiar with the strengths and weaknesses of the parties' litigation positions. (Hanson Decl. ¶ 20.)

Given the very real risks of continued litigation, the meaningful sum DIRECTV will pay Plaintiff through this settlement is a reasonable resolution of this case and should be approved.

### B. THE ATTORNEY'S FEES PROVISION OF THE SETTLEMENT SHOULD BE APPROVED

The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C § 216(b) (2008). Unlike most fee-shifting statutes, the attorneys' fee award under the FLSA is mandatory. *Compare* 29 U.S.C. § 216(b) (a court "shall" award fees) *with* 42 U.S.C. § 1988(b) (a court "may" award fees "in its discretion"). The "case law construing what is a 'reasonable' fee applies uniformly" to all federal fee-shifting statutes. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). To encourage employees to enforce their FLSA rights in court, and thus to further the public policies underlying the FLSA, *see Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 709 (1945), Congress has permitted individual employees to sue for back wages and liquidated damages and to receive reasonable attorney's fees and costs. *See* 29 U.S.C. § 216(b). "The FLSA is a remedial statute that is 'to be liberally construed to

apply to the furthest reaches consistent with Congressional direction.'" *Probert v. Family Centered Servs. of Alaska, Inc.*, 651 F.3d 1007, 1010 (9th Cir. 2011), *quoting Dent v. Cox Commc'ns Las Vegas, Inc.*, 502 F.3d 1141, 1146 (9th Cir. 2007). A plaintiff's counsel who successfully pursues wage and hour claims "must be adequately compensated for their efforts," otherwise "wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk." *Prasker v. Asia Five Eight LLC*, No. 08-CV-05811, 2010 WL 476009, at *6 (S.D.N.Y. Jan. 6, 2010); *see also Sand v. Greenberg*, No. 08-CV-07840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010) ("But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected."). Civil enforcement of wage and hour laws is an important supplement to the work of government regulators in carrying out the public policy of the FLSA. *Andersen v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-687 (1946) (noting the FLSA is a "remedial" statute that embodies "great public policy"); *Fegley v. Higgins*, 19 F.3d 1126, 1134-1135 (6th Cir. 1994) ("The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process….'").

District courts often calculate awards for attorney's fees using the "lodestar" method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Id*. There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan v. Mutnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). "Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Harris v. Marhoefer*, 24 F.3d 16, 18 (1994); *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1482 (9th Cir. 1992).

Here, the parties have agreed that DIRECTV will pay Plaintiff's Counsel $215,978 in fees and costs in addition to the $48,571.04 DIRECTV will pay Mr. Le to

7
PLAINTIFF'S UNOPPOSED MOTION TO APPROVE FLSA SETTLEMENT

settle the liability portion of his claims. (Hanson Decl. ¶ 21.) This agreement is reasonable not only because Plaintiff Le has agreed to it, but also because this amount constitutes a significant discount on Plaintiff's counsel's actual lodestar spent pursuing Plaintiff's claims. As described above, this case is a continuation of the *Lang* and *Addison* actions. And as noted in Plaintiff's Counsel's fee application in the related *Magill* matter, Plaintiffs' counsel maintained detailed time records throughout the litigation. (*Magill* Dkt. 56-1 p. 4.) In *Magill*, Plaintiff's counsel documented $20,107 in "common benefit" time in the "CDCA General File" for each of the plaintiffs in the CDCA Cases for certain tasks into February 2017.[5] (*See Magill* Dkt. 56-1 p.4-8.) Since then, Plaintiff's counsel engaged in extensive discovery and motion practice, including depositions, most of the discovery motion practice, all of the summary judgment and motions in limine briefing, and all of the trial preparation work noted above. A review of Plaintiff's counsel's records indicates that Plaintiff's counsel has billed over $1 million (more than $113,000 per plaintiff[6]) in "common benefit" time to the "CDCA General" file since the Magill offer of judgment, plus more than $140,000 billed to Plaintiff Le's individual file. Together, more than $274,000 in fees is attributable to prosecuting Plaintiff Le's case, with an additional nearly $19,000 in costs, which bring the total lodestar amount for fees and costs to more than $290,000. (Hanson Decl. ¶ 23).

The nearly $216,000 DIRECTV has agreed to pay to settle attorneys fees and costs for this case represents a discount of at least $74,000 or almost 25% of Plaintiff's counsel's lodestar. (Hanson Decl. ¶ 24.) Considering the success Plaintiff's counsel achieved for Mr. Le, this constitutes a reasonable fee. *See Goodwin*, 2015 WL 12868143, at *4 ("The requested fee award amounts to approximately 60% of these

---

[5] As earlier indicated, while DIRECTV does not oppose this motion for approval, it does not affirmatively endorse the arguments contained herein, including the argument that Plaintiff can recover for "'common benefit' time in the 'CDCA General File'."

[6] Around the time that Plaintiff Magill accepted DIRECTV's offer of judgment, two other CDCA Plaintiffs, Tinh To and Rene Gonzalez, dismissed their cases, leaving only nine plaintiffs remaining in the CDCA Cases.

8
PLAINTIFF'S UNOPPOSED MOTION TO APPROVE FLSA SETTLEMENT

incurred fees, and a negative multiplier in this context suggests that the requested fee award is reasonable."). Strong policy encourages litigants to settle on the amounts of attorney's fees and costs to be paid at the conclusion of litigation involving fee-shifting statutes. See *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee."). Given the reasonableness of the discounted lodestar and costs to be received by Plaintiffs' counsel, there is no reason to disturb the Parties' agreement, and the fee and costs portion of the settlement should readily be approved.

## IV. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court issue and order approving the settlement agreement attached hereto as Exhibit A and dismissing this action with prejudice. A proposed order for the Court's consideration is submitted with this unopposed motion.

Dated: April 30, 2018

**STUEVE SIEGEL & HANSON LLP**

By */s/ George A. Hanson*
George A. Hanson, *Pro Hac Vice*
J. Toji Calabro, CA Bar No. 239950
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
Facsimile: 816-714-7101
Email: calabro@stuevesiegel.com
       hanson@stuevesiegel.com

Jason Hartley, CA Bar No. 192514
**STUEVE SIEGEL HANSON LLP**
500 West C Street, Suite 1750
San Diego, California 92101
Telephone: 619-400-5822
Facsimile: 619-400-5832
Email: hartley@stuevesiegel.com

Attorneys for Plaintiff